# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9106 | **DATE** | September 26, 2002 |
| **CASE TITLE** | Porter v. Fairbanks Capital Corp and CF Mortg Serv | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss the complaint [17-1] is granted. Accordingly, the following pending motions are denied as moot: plaintiff's motion for class certification [45-1] ; the parties' motion for a protective order [41-1] ; plaintiff's motion to compel court-ordered documents [43-1]; and defendant CF's motion to strike plaintiff's motion to compel [46-1]. The October 2, 2002 hearing on these motions is stricken. Plaintiff's motion for an extension of time to file an additional memorandum regarding conclusions to be drawn from discovery related to this motion [ ] is denied. In light of the grounds for our ruling on this motion, we do not believe that discovery would assist plaintiff. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | SEP 27 2002 | |
| | Notified counsel by telephone. | | date docketed | 49 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARGARET M. PORTER,           )
                              )
        Plaintiff,            )
                              )
        v.                    )    No. 01 C 9106
                              )
FAIRBANKS CAPITAL CORP. and   )
CF MORTGAGE SERVICE COMPANY,  )
                              )
        Defendants.           )

DOCKETED
SEP 27 2002

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff, Margaret M. Porter, brings this action against defendants Fairbanks Capital Corp. ("Fairbanks") and CF Mortgage Service Company ("CF"), alleging that Fairbanks engaged in unlawful debt collection and mortgage servicing practices and that both defendants failed to provide plaintiff with timely notice of the transfer of servicing of her mortgage loan.

The complaint alleges the following facts, which we take as true for purposes of this motion. In 1997, plaintiff obtained a mortgage loan to finance improvements on her home in Chicago. On April 1, 2001, plaintiff's loan was being serviced by CF. Between

April 1 and April 15, 2001, Fairbanks and CF entered into an agreement pursuant to which servicing rights on plaintiff's loan and other loans would be transferred to Fairbanks. Plaintiff and other borrowers were informed of the change in servicing in a letter dated May 16, 2001 (the "May letter"), which stated that "the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from CitiFinancial Mortgage Company [now CF] to [Fairbanks] effective June 2, 2001." (Complaint, Ex. A.)

Prior to the transfer of servicing, CF had claimed that plaintiff was behind on her payments. At the time of the transfer, Fairbanks claimed that plaintiff was in default on the loan. On June 26, 2001, Fairbanks sent plaintiff a demand letter. On July 31, 2001, Fairbanks sent plaintiff a letter stating that her account had been forwarded to counsel for the institution of foreclosure proceedings. Around the same time, Fairbanks sent plaintiff a videotape entitled "Solutions for Today's Homeowners."

Shortly thereafter, Fairbanks accelerated the loan and, in the name of its principal, filed a foreclosure action against plaintiff. After accelerating the loan, Fairbanks assessed late charges against plaintiff and continued sending monthly loan statements. After plaintiff filed the instant action in November 2001, the foreclosure proceeding was voluntarily dismissed with leave to reinstate once this case has been resolved. Plaintiff

then attempted to reinstate her loan by wire transferring to Fairbanks an amount equal to all monthly payments from the last one that had been accepted by Fairbanks to that of the current month. In order to reinstate the loan, however, Fairbanks also demanded attorney's fees for the foreclosure proceeding, post-acceleration late charges, and property preservation fees and broker price opinion fees for services performed by an entity called "RR Review."

The complaint alleges violations of the Fair Debt Collection Practices Act (Counts I, II, III, IV, VI, IX, and XI); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFDBPA") (Count VIII); and violation of the Real Estate Settlement Procedures Act (Count XII). The complaint also seeks restitution (Count X) and declarations that the terms of plaintiff's note and mortgage prohibit Fairbanks from charging post-acceleration late charges (Count V) and from charging purported property preservation and broker price opinion fees (Count VII). Counts I-XI are asserted against Fairbanks only; Count XII is asserted against both Fairbanks and CF.

Defendants now move to dismiss the complaint.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, *Federal*

Practice and Procedure § 1356, at 294 (2d ed. 1990). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999); Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir.), cert. denied, 519 U.S. 1008 (1996).

### A. FDCPA Claims (Counts I, II, III, IV, VI, IX, and XI)

Fairbanks contends that the FDCPA claims must be dismissed because plaintiff fails to allege that she was actually in default at the time her loan was transferred to Fairbanks for servicing, and thus Fairbanks is not a "debt collector" subject to the FDCPA.

The FDCPA defines a "debt collector" as:

> (6) . . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include--
> . . .
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) <u>concerns a debt which was not in default at the time it was obtained by such person</u> . . . .

15 U.S.C. § 1692a (emphasis added). The Seventh Circuit has explained that "[t]he plain language of § 1692a(6)(F) tells us that an individual is not a 'debt collector' subject to the [FDCPA] if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it." Bailey v. Security Nat'l Servicing Corp., 154 F.3d 384, 387 (7th Cir. 1998).

Plaintiff argues that this is not a bright-line test because the FDCPA was intended to protect persons who are wrongly treated as in default because of mistaken identity or because they already had paid the debt. To protect such persons, Congress defined the term "debt" to include not only obligations, but alleged obligations as well. See 15 U.S.C. § 1692a(5). Plaintiff contends that "[w]hen the definition of 'debt' is inserted in the [debt collector definition exclusion], it is clear that the [exception] only applies if the obligation to pay was treated by the putative debt collector . . . as current at the time of acquisition." (Response at 5.) According to plaintiff, the FDCPA applies if the debt is either actually or allegedly in default.

Plaintiff's argument is creative, but to adopt it would be contrary to the plain language of the FDCPA and the Seventh Circuit's interpretation of that plain language in Bailey. See Mysyk v. Fairbanks Capital Corp., No. 02 C 247, Order (N.D. Ill. June 25, 2002) (Zagel, J.) ("I decline to cobble together a tortured meaning of 'debt collector' that is contrary to the plain

language of the FDCPA and Seventh Circuit's interpretation to find that Fairbanks is a 'debt collector.'"). Plaintiff does not allege in the complaint that the debt was in default at the time it was obtained by Fairbanks and thus does not properly allege that Fairbanks was a "debt collector" subject to the FDCPA. Accordingly, plaintiff's FDCPA claims must be dismissed.

Plaintiff's belated (and convoluted, given the use of the double negative) argument that "plaintiff [now] does not claim not to have been in default" (Response to Fairbanks' Motion to Cite Additional Authority at 4) is of no assistance because the complaint still fails to affirmatively allege that the debt was in default at the time Fairbanks obtained it.

## B. RESPA Claim (Count XII)

The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, requires that mortgage loan servicers notify borrowers in writing of any transfer of the servicing of the loan "not less than 15 days before the effective date of transfer of the servicing" of the loan. 12 U.S.C. § 2605(b)(2)(A). RESPA defines the "effective date of transfer" as "the date on which the mortgage payment of a borrower is first due to the transferee servicer of a mortgage loan pursuant to the . . . transfer of the servicing of the mortgage loan." 12 U.S.C. § 2605(i)(1) (emphasis added).

The complaint alleges that the May letter to plaintiff, which was dated May 16, 2001 and stated that the servicing of your

plaintiff's loan was being transferred from CF to Fairbanks effective June 2, 2001, (Complaint, Ex. A), violated RESPA because it was "sent a month after the actual change of servicing occurred." (Complaint, ¶ 142.)

Defendants argue that plaintiff fails to state a RESPA claim because the May letter demonstrates that the mortgage payments were "first due" to Fairbanks on June 2, 2001, and the letter was sent more than 15 days before June 2. Plaintiff contends, without citing any statutory provision or case law for support, that the "effective date of transfer" is "not such date as the borrower is told to first pay Fairbanks" but rather the "actual date when the right to payment was transferred," which was in April 2001. (Response at 15.) This argument is without merit and ignores the plain language of RESPA's definition of the "effective date of transfer." Exhibit A to the complaint, the May letter, demonstrates that the date on which plaintiff's mortgage payments were "first due" to Fairbanks was June 2, 2001, and the letter was dated May 16, 2001--which was more than 15 days before June 2. Thus, plaintiff fails to state a RESPA claim.

C. **State Law Claims (Counts V, VII, VIII, and X)**

We have dismissed the federal claims in this case. In this circuit, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving

them on their merits." <u>Kennedy v. Schoenberg, Fisher & Newman, Ltd.</u>, 140 F.3d 716, 727 (7th Cir. 1998). We see no reason to continue to exercise supplemental jurisdiction, <u>see</u> 28 U.S.C. § 1367(c); therefore, the state law claims are dismissed for lack of subject matter jurisdiction. (The dismissal is without prejudice to the refiling of the state law claims in state court.)

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss the complaint is granted.

Accordingly, the following pending motions are denied as moot: plaintiff's motion for class certification; the parties' motion for a protective order; plaintiff's motion to compel court-ordered documents; and defendant CF's motion to strike plaintiff's motion to compel. The October 2, 2002 hearing on these motions is stricken.

Plaintiff's motion for an extension of time to file an additional memorandum regarding conclusions to be drawn from discovery related to this motion is denied. In light of the grounds for our ruling on this motion, we do not believe that discovery would assist plaintiff.

DATE: September 26, 2002

ENTER: _____

John F. Grady, United States District Judge